IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN P. RAYNOR,<br><br>Plaintiff,<br><br>vs.<br><br>LESLEY A. WOODS, in her official capacity as the United States Attorney for the District of Nebraska; and TODD W. BLANCHE, in his official capacity as the Attorney General of the United States,<br><br>Defendants. | **8:26CV547**<br><br>**ORDER** |

This matter is before the Court on two motions. First, Defendants move for leave to file a partial motion to dismiss on their claim preclusion and issue preclusion defenses. Filing No. 9. Defendants seek to defer further responding to the Complaint until the Court rules on these issues. Second, Plaintiff moves the Court to order Defendants to file certain documents under seal for in-camera review. Filing No. 15. Plaintiff argues these documents will show there was not an opportunity to fully and fairly litigate the prior actions Defendants may rely upon for their preclusion defenses. For the reasons set forth herein, Defendants' motion is granted in part and denied in part and Plaintiff's motion is denied.

First, the Federal Rules of Civil Procedure ordinarily require a defendant to raise lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process in its first response to the complaint. If the defendant does not timely raise one of these defenses, the defense is waived. *See* Fed. R.

Civ. Proc. 12(h). Moreover, a motion to dismiss on one of these grounds must be joined with any other motion to dismiss on these grounds. Fed. R. Civ. Proc. 12(g). Defendants seek leave to file a partial motion to dismiss on their claim and issue preclusion defenses without waiving their ability to later move to dismiss on other grounds. Defendants also seek leave to defer responding to the remainder of the Complaint until after a ruling on these issues.

Determining whether Plaintiff is precluded from bringing some or all of this case could substantially narrow his 92-page Complaint and promote “the just, speedy, and inexpensive determination” of this action. Fed. R. Civ. Proc. 1. However, the Court is not convinced it should preserve defenses Defendants would ordinarily waive unless they raised them in the first response to the Complaint. It is judicially inefficient to litigate Defendants’ preclusion defenses before discovering whether Defendants are challenging service of process or venue.

Accordingly, Defendants’ motion is granted in part. In addition to their preclusion defenses, Defendants shall raise any other waivable defenses in the motion to dismiss. Defendants may defer moving to dismiss on other grounds until after the Court rules on this initial motion. This is consistent with what the Federal Rules of Civil Procedure already permit. Fed. R. Civ. Proc. 12(g) & 12(h); *see* *Jones v. Clinton*, 858 F. Supp. 902, 906 (E.D. Ark. 1994) (allowing motion to dismiss on immunity and deferring filing of other motions or pleadings until immunity issues were resolved). Defendants shall fully respond to Plaintiff’s Complaint within 14 days of the Court’s ruling on Defendants’ initial motion to dismiss. *See* Fed. R. Civ. Proc. 12(a)(4).

Second, Plaintiff is moving a second time for expedited discovery. *See* Fed. R. Civ. Proc. 26(d). He must show good cause to obtain a court order permitting expedited discovery. *Empirical Foods, Inc. v. Primus Builders, Inc.*, No. 8:19CV457, 2020 WL 5064220, at *15 (D. Neb. Aug. 27, 2020) (quoting Fed. R.

Civ. Proc. 26(d)) (collecting cases). "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery outweighs prejudice to the responding party." *Id.* at *16. "The purpose of expedited discovery is to allow a party to obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information." *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021).

Plaintiff did not show good cause to obtain expedited discovery. A motion to dismiss is decided on the pleadings and matters of public record. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Plaintiff is seeking discovery to bolster his Complaint to defend against Defendants' motion to dismiss. However, the facts in his Complaint at the motion to dismiss stage are accepted as true. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). At this stage, the case can reasonably proceed without the information Plaintiff seeks.[1]

## CONCLUSION

Accordingly,

IT IS ORDERED:

1) Defendants' Motion Requesting Threshold Determination of Preclusion Defenses, Filing No. 9, is granted in part and denied in part.

    a. The stay of the responsive pleading deadline is lifted. Defendants may partially move to dismiss Plaintiff's Complaint as set forth herein by December 8, 2026 and defer further

[1] Plaintiff is requesting the Court order Defendants to file the documents under seal for an in-camera review. He is not requesting the Court order Defendants to produce the documents directly to him. This does not change the Court's analysis. This may lessen the prejudice to Defendants but Plaintiff does not need discovery to support the facts alleged in his Complaint at the motion to dismiss stage.

responding to the Complaint until the Court rules on this motion. If no motion to dismiss is filed, Defendants shall fully answer the Complaint by December 8, 2026.

b. If an initial, partial motion to dismiss is filed, Defendants shall fully respond to Plaintiff's Complaint within 14 days of the Court's ruling on Defendants' partial motion. *See* Fed. R. Civ. Proc. 12(a)(4).

2) Plaintiff's Motion for an Order Directing Defendants to Lodge Certain Records Under Seal for In-Chambers Review, Filing No. 15, is denied.

Dated this 24th day of November, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge